# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD GENE WADE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-102-GKF-FHM |
| | ) | |
| JASON A. ROBERTSON; JUDGE KIRSTEN PACE; JUDGE WILLIAM MUSSEMAN; TULSA COUNTY DISTRICT COURT; CITY OF GLENPOOL; TULSA COUNTY COURT CLERK; PIERCE, COUCH, HENDRICKSON, BAYSINGER AND GREEN; and OMAG, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court *sua sponte* on Plaintiff's Complaint [Doc. #20], filed April 10, 2018.[1] Plaintiff Ronald Gene Wade, Jr., appearing *pro se*, alleges that defendants have deprived him of his Fifth Amendment, Fourteenth Amendment, and Article III rights in violation of 42 U.S.C. § 1983, the federal civil rights statute, through their conduct in relation to Tulsa County case no. CS-2017-3452 ("state court case"). Plaintiff also alleges violation of various criminal statutes. Based on the alleged violations, plaintiff seeks actual damages, exemplary damages, pre-judgment interest, post-judgment interest, and attorneys fees and costs. For the reasons discussed below, plaintiff's claims are dismissed with prejudice.

---

[1] Styled as the "First Original Amended Complaint," the pleading is plaintiff's first complaint and is referred to herein as simply the Complaint.

**I.      Standard**

A court may dismiss a complaint *sua sponte* "[i]f it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend his complaint would be futile." *King v. Oklahoma City*, No. CIV-06-1308-M, 2007 WL 1519014, at *2 (W.D. Okla. May 21, 2007) (alteration in original) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**II.     Analysis**

The Complaint asserts claims against eight (8) defendants: (1) Jason A. Robertson; (2) Judge Kirsten Pace; (3) Judge William Musseman; (4) Tulsa County District Court; (5) City of Glenpool; (6) Tulsa County Court Clerk; (7) Pierce, Couch, Hendrickson, Baysinger and Green; and (8) OMAG. The court will separately analyze the claims against these defendants.

    **A.     Jason A. Robertson, Pierce, Couch, Hendrickson, Baysinger and Green, and OMAG**

The Complaint asserts a § 1983 claim against Robertson based on his filings with the Tulsa County Court Clerk and other conduct designed to "Obstruct the Plaintiffs Right to be Heard, Right

to Due Process and Right to a Speedy Trial" in violation of plaintiff's constitutional rights.[2] Additionally, the Complaint alleges that Robertson violated six federal criminal statutes—18 U.S.C. §§ 241, 505, 1341, 1621, 1622, and 1623.

With regard to the § 1983 claim, "[t]o state a claim for relief in an action brought under § 1983, [plaintiff] must establish not only the deprivation of a right secured by the Constitution or laws of the United States, but also a deprivation committed under color of state law." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014). "'[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The allegations of the Complaint relate to Robertson's conduct as an attorney in the state court case. The Tenth Circuit follows "the 'vast weight of authority' [that] holds that 'private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.'" *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Thus, although Robertson is an officer of the court, he is not a state actor for purposes of § 1983 liability.

Nor does the Complaint plausibly allege that Robertson acted "under color of state law" by conspiring with Judge Musseman, Judge Pace, and the Tulsa County Court Clerk. In the Tenth Circuit, "'[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by

---

[2] [Doc. #20, p. 11]. The Complaint repeatedly refers to "plaintiffs." However, only one plaintiff is identified in this action—Ronald Gene Wade, Jr. Presumably, in referencing multiple "plaintiffs," Mr. Wade is also referring to his ex-wife, Linda Wade, who he alleges "agrees to any actions taken by Plaintiff Ron Wade." [Doc. #20, p. 3]. However, Ms. Wade is not a party to this case.

implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.'" *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (quoting *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983)).

Here, although plaintiff alleges "Judge Musseman conspired with the Defendant Attorney to get rid of [him]," plaintiff does not offer specific factual allegations to support the conspiracy. [Doc. #20, p. 9]. Naked assertions of Judge Musseman's alleged conspiracy with Robertson, devoid of factual enhancement, do not push plaintiff's claims over the line from conceivable to probable. *See Twombly*, 550 U.S. 557 and 570. Additionally, plaintiff asserts that Robertson "conspir[ed] to involve the Tulsa County Court Clerk to Suborn Perjury and introduce a fake document into the Docket." [Doc. #20, p. 11]. However, plaintiff includes no facts from which the court may infer that the Tulsa County Court Clerk agreed or otherwise acted in concert with Robertson. Plaintiff does not identify the specific county employee involved or allege that the court clerk knew that the disputed conduct would result in a violation of plaintiff's rights. Nor does the Complaint describe with any specificity any communication between Robertson and the court clerk from which a meeting of the minds can be inferred. In fact, the Complaint asserts that either Robertson *or another attorney from Pierce Couch* took the offending document to Tulsa County. Thus, the Complaint fails to specifically present facts tending to show agreement and concerted action with state officials, and therefore does not state a plausible § 1983 claim against Robertson.

As for Robertson's alleged violation of federal criminal law, none of the six cited statutes provides a private cause of action. *Garrett v. Lotus Inv. Funds Inc.,* 713 F. App'x 792, 793-94 (10th Cir. 2018) (18 U.S.C. § 241 does not establish a private cause of action); *Citi Mortg., Inc. v.*

*Hubbard*, No. 13-144-JRT-JSM, 2014 WL 1303706, at *15 (D. Minn. Mar. 31, 2014) (no private cause of action under section 505); *Saro v. Brown,* 11 F. App'x 387, 388 (6th Cir. 2001) (no private cause of action under section 1341); *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("[T]here is no private cause of action for perjury, 18 U.S.C. § 1621; subordination of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623 . . . ."). Thus, the court concludes that the claims against Robertson should be dismissed.

For the same reasons, the court is persuaded that the claims against Robertson's law firm—Pierce, Couch, Hendrickson, Baysinger and Green—and OMAG should be dismissed. The Complaint alleges only that Pierce Couch "allow[ed] one of their Partners to run amuck," and that OMAG "is the primary funding of Mr. Robertson" and "ignor[ed] notice after notice of his assault on the Rights of the Plaintiffs."[3] [Doc. #20, p. 4]. The Complaint includes no allegations from which the court may infer that either Pierce Couch or OMAG acted under color of state law. Further, to the extent that plaintiff would argue that Pierce Couch "conspired" with the Tulsa County Court Clerk, as previously discussed, the Complaint includes no factual allegations from which the court may infer agreement or concert of action to deprive plaintiff of his constitutional rights.

Based on this court's review, it is "patently obvious" that plaintiff could not prevail on claims against Robertson, Pierce Couch, or OMAG based on the facts alleged in the Complaint and that amendment would be futile, particularly as these defendants are private actors. *See Dunn v. Harper County*, No. CIV-12-587-HE, 2012 WL 3595109, at *5 (W.D. Okla. July 9, 2012),

---

[3] "OMAG" is characterized as an "insurer" but no further identification is provided. However, the court believes that "OMAG" refers to Oklahoma Municipal Assurance Group.

*report and recommendation adopted by*, 2012 WL 3594886 (W.D. Okla. Aug. 21, 2012), *aff'd*, 520 F. App'x 723 (10th Cir. 2013). Thus, plaintiff's claims against Robertson, Pierce Couch, and OMAG are properly dismissed with prejudice.

### B. Judge Kirsten Pace and Judge William Musseman

The Complaint alleges that Tulsa County Special Judge Kirsten B. Pace "ignored Plaintiffs Proper Notice of a Felony, other crime, or impropriety," "ignored a prevailing argument," "ignored a request to investigate and uphold the law and divulge the contents of her personal file," granted a motion filed in the state court case "even though the Motion contained a perjured statement," and "ignored Proper Notice of a Conflict of Interest and refused to address the money trail," in violation of plaintiff's constitutional rights. [Doc. #20, pp. 6-7]. Based on these allegations, the Complaint asserts that Judge Pace obstructed plaintiff's constitutional "right to be heard, right to due process and right to a speedy trial" and conspired to deprive plaintiff of his constitutional rights in violation of 18 U.S.C. § 241, the federal criminal conspiracy statute. [Doc. #20, pp. 4-5]. Further, the Complaint alleges that Judge Pace's conduct violated the Oklahoma Rules of Professional Conduct. [Doc. #20, p. 6].

The Complaint provides specific dates on which the alleged misconduct occurred. Based on the court's review of the docket in the state court case, it is clear that the dates correspond to filings and/or rulings in the state court case.[4]

---

[4] The court takes judicial notice of matters that are public record in Tulsa County case no. CS-2017-3452. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

"The Supreme Court of the United States has long held that judges are generally immune from suits for money damages." *Stein v. Disciplinary Bd. of the Sup. Ct. of N.M.,* 520 F.3d 1183, 1195 (10th Cir. 2008). The principle of judicial immunity "is grounded in 'a general principle of the highest importance to the proper administration of justice[: i.e.,] that a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (alterations in original) (quoting *Stump v. Sparkman,* 435 U.S. 349, 355 (1978)). "There are only two exceptions to [judicial immunity]: (1) when the act is 'not taken in [the judge's] judicial capacity,' and (2) when the act, 'though judicial in nature, [is] taken in the complete absence of all jurisdiction.'" *Stein,* 520 F.3d at 1195 (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). With regard to the second exception, a judge does not act in "complete absence of jurisdiction," "[e]ven if a judge acts in error, with malicious intent or in excess of authority," or the exercise of authority is flawed by "grave procedural errors." *Sain v. Snyder*, No. CIV-08-1019-JB-LFG, 2009 WL 1329520, at *3 (D.N.M. Apr. 6, 2009) (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)); *see also Calvert v. Safranek*, 209 F. App'x 816, 820 (10th Cir. 2006) (state court judge had immunity from suit for judicial act, including alleged slanderous statements made from bench).

Even construing the allegations of the Complaint most favorably to plaintiff, the conduct alleged was taken in Judge Pace's judicial capacity—specifically, the management and eventual disposition of the state court case. Further, plaintiff does not allege that Judge Pace acted "in the complete absence of all jurisdiction." Nor would that allegation be plausible under Oklahoma law. *See* 20 Okla. Stat. § 123(A) ("Special judges may hear and decide the following: . . . [a]ctions for the recovery of money where the amount claimed does not exceed Ten Thousand Dollars

($10,000.00) . . . ."). Thus, neither exception applies and Judge Pace is entitled to judicial immunity.[5] Accordingly, plaintiff does not state a plausible claim against Judge Pace.

For the same reasons, the Complaint does not state a plausible claim against District Court Judge William Musseman. With regard to Judge Musseman, the Complaint also alleges that he conspired to obstruct plaintiff's constitutional rights. [Doc. #20, p. 4]. Specifically, plaintiff alleges that Judge Musseman conducted an *ex parte* meeting with defendant Jason Robertson prior to a hearing on plaintiff's motion to recuse Judge Pace in the state court case and prematurely denied plaintiff's motion to recuse.

Judge Musseman's alleged actions were clearly taken in his judicial capacity—ruling on the motion to recuse. Further, the Complaint includes no allegations from which the court may reasonably infer that Judge Musseman acted in the "complete absence of jurisdiction." Rather, the motion to recuse was within Judge Musseman's jurisdiction by virtue of the transfer rules found in Okla. Stat., tit. 12, ch. 2, app., § rule 15 and Tulsa County Local Rule 4(4). Thus, Judge Musseman is entitled to judicial immunity and plaintiff does not state a plausible claim against Judge Musseman.

Based on the foregoing, the court is persuaded that Judge Pace and Judge Mussessman are entitled to immunity from liability and therefore any amendment of the claims against them would be futile. Accordingly, the claims against Judge Pace and Judge Musseman are properly dismissed with prejudice.

---

[5] Further, neither violations of 18 U.S.C. § 241 nor the Oklahoma Rules of Professional Conduct gives rise to a private cause of action. *See Garrett,* 713 F. App'x at 793-94 (18 U.S.C. § 241 does not establish a private cause of action); Okla. Stat. tit. 5, ch. 1, App. 3-A, § Scope, ¶ 20; *Powell v. Miller*, No. CIV-2010-01294-D, 2015 WL 1461367, at **6-7 (W.D. Okla. Mar. 30, 2015) (Oklahoma rules of professional conduct do not give rise to private cause of action).

## C. Tulsa County District Court

Plaintiff names as a defendant the "Tulsa County District Court." Section 1983 liability may only be imposed against "persons," and "state courts are not separate 'persons' subject to liability under § 1983." *Harper v. Woodward Cnty. Dist. Ct.*, No. CIV-10-849-HE, 2010 WL 6649767, at *2 (W.D. Okla. Oct. 12, 2010) (citing *Coopersmith v. Sup. Ct.*, 465 F.2d 993, 994 (10th Cir. 1972)). Thus, plaintiff cannot state a plausible claim against the Tulsa County District Court, and amendment would be futile. Plaintiff's claims against the Tulsa County District Court are properly dismissed with prejudice.

## D. City of Glenpool

Plaintiff alleges that the City of Glenpool "fund[ed] Mr. Robertson and ignor[ed] notice after notice of his assault on the Rights of the Plaintiffs'." [Doc. #20, p. 4]. To impose liability on a municipality pursuant to § 1983, a plaintiff must show "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. Of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). *See also Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) ("[A] plaintiff asserting a § 1983 claim must show '1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged.' Through 'its *deliberate* conduct,' the municipality must have been the 'moving force' behind the injury.") (emphasis in original) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Plaintiff does not allege that any of the individuals responsible for the alleged violations of his constitutional rights—Robertson, Judge Pace, or Judge Musseman—were employees of the City of Glenpool. Nor does plaintiff include any allegations from which the court may infer that

the alleged violations were caused by a City of Glenpool municipal policy or custom. The Complaint includes no allegations indicating the existence of a formal regulation or policy statement, decisions of City of Glenpool employees with final policymaking authority, ratification by such final policymakers of any decisions, or the failure to train or supervise. *Compare Bryson v. City of Okla. City,* 627 F.3d 784, 788 (10th Cir. 2010). To the extent that plaintiff would rely on his allegation that the City of Glenpool funded Mr. Robertson and ignored notice of the alleged constitutional violations as an informal policy, plaintiff includes no factual averments in support thereof. Conclusory allegations without the support of factual averments are insufficient, and therefore the court is persuaded that the claims against the City of Glenpool should be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Further, it is "patently obvious" that plaintiff could not prevail based on the facts alleged in the Complaint and that amendment would be futile. *See Dunn*, 2012 WL 3595109, at *5. Accordingly, the court concludes that plaintiff's claims against the City of Glenpool should be dismissed with prejudice.

### E. Tulsa County Court Clerk

Finally, plaintiff asserts a claim against the Tulsa County Court Clerk.[6] Plaintiff generally alleges that the clerk "mishandl[ed] a crucial document" and "assist[ed] the Defendant Attorney [to] commit a felony document tampering." [Doc. #20, p. 4]. However, the specific facts alleged relate only to the court clerk's conduct in filing defendants' response to plaintiffs' motion for summary judgment in the state court case, presented for filing by Robertson. *See* [*id.* at pp. 9-10].

---

[6] Plaintiff does not identify the Tulsa County Court Clerk, Don Newberry. However, because the court concludes that "Tulsa County Court Clerk" is entitled to immunity based on the allegations of plaintiff's Complaint, the court need not consider the effect, if any, of plaintiff's omission.

Plaintiff alleges that the response was filed six days late, but that the court clerk "read it into the record retroactively without notations as to where it was for 6 days." [*Id.* at p. 10].

In the Tenth Circuit, "[i]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts is involved. Absolute judicial immunity has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." *Lundahl,* 296 F.3d at 939 (internal alterations omitted) (quoting *Whitesel,* 222 F.3d at 867). This court is persuaded by the decisions of other courts holding court clerks are entitled to absolute immunity for actions taken within the scope of their official acts, including filing documents. *See Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) ("We note, however, that the filing of complaints and other documents is an integral part of the judicial process and that [district court clerk] would be protected by judicial immunity from damages for civil rights violations committed in connection with the performance of such tasks."); *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011) ("[R]eceipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases."); *Beauclair v. Green*, No. 14-3023-SAC, 2015 WL 225758, at *5 (D. Kan. Jan. 16, 2016); *Howell v. Winchester*, No. CIV-07-1443-M, 2008 WL 700954, at *6 (W.D. Okla. Mar. 13, 2008). Nor would the court clerk be deprived of immunity if the filing was wrongful, or even unlawful. *Beauclair*, 2015 WL 225758, at *5 (citing *Dahl v. Charles F. Dahl, M.D., P.C.*, 744 F.3d 623 (10th Cir. 2014)).

Because plaintiff's allegations against the Tulsa County Court Clerk relate only to the filing of defendants' motion for summary judgment in the state court case, and such conduct is an integral part of the judicial process, the court concludes that the Tulsa County Court Clerk is entitled to immunity. Because the Tulsa County Court Clerk is immune from liability, amendment would be

futile. Thus, the claims against the Tulsa County Court Clerk are properly dismissed with prejudice.

## III. Conclusion

WHEREFORE, Plaintiff's "First Original Amended Complaint" [Doc. #20] is dismissed with prejudice.

DATED this 16th day of April, 2018.

_Gregory K. Frizzell_
GREGORY K. FRIZZELL, CHIEF JUDGE